UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOANNE OVERTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:11CV1957 JAR |
| WELLS FARGO BANK, N.A., | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 12). Although Defendant frames its motion as a motion to dismiss, the Court treats it as a motion for more definite statement under Fed.R.Civ.P. 12(e). This matter is fully briefed and ready for disposition.

## **STANDARD FOR MOTION FOR MORE DEFINITE STATEMENT**

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." When a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding." McCoy v. St. Louis Pub. Schs, No. 4:11CV918, 2011 U.S. Dist. LEXIS 118287, at *5 (E.D. Mo. Oct. 13, 2011) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. Tinder v. Lewis County Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001)(internal citations omitted).

**BACKGROUND**

On July 12, 1999, Plaintiff purchased the property at 1701 Chambers Road, St. Louis, Missouri 63136 ("Subject Property") and obtained a Deed of Trust for the Subject Property. (Petition to Set Aside Foreclosure (hereinafter "Complaint" or "Compl."), ECF No. 4, ¶¶1, 3). Defendant Wells Fargo Bank, N.A., a subsidiary of Wells Fargo & Company, commenced a non-judicial foreclosure on the Subject Property in 2010. (Id., ¶¶5, 6). Wells Fargo, N.A. acquired the Subject Property in a foreclosure sale on April 6, 2011. (Id., ¶7). A Successor's Trustee's deed on the Subject Property was recorded on April 20, 2011 in St. Louis County. (Id., ¶8).

**DISCUSSION**

**I.  Pleading Requirements of Fed.R.Civ.P. 8**

In the Complaint, Plaintiff alleges claims for Improper Execution of Foreclosure (Count I) and Wrongful Foreclosure (Count II). Plaintiff alleges that "[a] [f]oreclosure pursuant to §443.310-§443.325 R.S. Mo. was not performed." (Compl., ¶¶11, 15). Plaintiff further alleges that "Plaintiff's indebtedness to Defendants [sic] was caused by Defendant's negligence in handling Plaintiff's arrearage." (Id., ¶13). Finally, Plaintiff alleges that "Defendant did not have the right to foreclose on the Subject Property." (Id., ¶14).

In its Motion, Defendant first notes that Missouri does not recognize a cause of action for improper execution of foreclosure that is independent of a claim for wrongful foreclosure. Thus, the only cognizable claim is for wrongful foreclosure to set aside the successor trustee's deed. (Memorandum in Support of Motion to Dismiss ("Memorandum"), ECF No. 13, p. 3).

Second, Defendant claims that Plaintiff has not satisfied the pleading requirements of Fed.R.Civ.P. 8(a). (Memorandum, pp. 3-4). Rule 8(a) requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction,

unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Defendant claims that Plaintiff has not alleged facts to support her claim of wrongful foreclosure. (Memorandum, pp. 3-4).

In response, "Plaintiff stands firm that this court could easily draw 'reasonable inference[s]' from Plaintiff's pleadings that Plaintiff is alleging the statutes were not followed by Defendant in pursuing its non-judicial foreclosure." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Response"), ECF No. 22, p. 2). Plaintiff nevertheless acknowledges that "more discovery may be needed to fully plead non-compliance to anyone's fully satisfaction." (Id., p. 2). In addition, Plaintiff claims that granting Defendant's Motion would unfairly deny her of her due process rights because the documentation necessary to support her claim has been solely in the possession of Defendant. (Id., p. 3). Plaintiff argues that "until such time as all the evidence has been adduced, Defendant should not be entitled to bulldoze its way to a final judgment by this Court." (Id., p. 4).[1]

---

[1] Plaintiff alleges for the first time in her response to Defendant's Motion that the judicial foreclosure statutes are unconstitutional. (Response, p. 1; Reply in Support of Motion to Dismiss, ECF No. 23, pp. 1-2). Because Plaintiff's Complaint does not allege that the judicial foreclosure statutes are unconstitutional, however, the Court need not address this argument. In the event that Plaintiff's Complaint alleges that the judicial foreclosure statutes are unconstitutional, the Court notes that Missouri's judicial foreclosure statutes, MO.REV.STAT. §§443.290, *et seq.* have been deemed constitutional by the Missouri Supreme Court. See Federal Nat'l Mortg. Asso. v. Scott, 548 S.W.2d 545 (Mo. 1977); Federal Nat'l Mortg. Asso. v. Howlett, 521 S.W.2d 428 (Mo. 1975). The Missouri Supreme Court held that the "non-judicial foreclosure was a private action of a private plaintiff that had its origin in the Deed of Trust which defendants assumed and agreed to pay, involving no federal or state judicial process, no federal or state authority, no federal or state officials, and, therefore, no 'federal government action' exists to invoke the due process clause of the Fifth Amendment of the Constitution of the United States and no 'state action' exists to invoke either the due process clause of the Fourteenth Amendment of the Constitution of the United States or the due process clause of Article I, Section 10 of the Missouri Constitution." Scott, 548 S.W.2d at 548 (citations omitted).

The Court finds that Plaintiff's allegations are insufficient under Fed.R.Civ.P. 8(a), as they contain bare bones legal allegations, without any factual support. "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662 (2009). Here, Plaintiff fails to plead facts that "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). That is, Plaintiff does not provide any facts that would support her allegations that Defendant did not follow the proper statutory framework, that Defendant caused Plaintiff's default, or that Defendant was not justified in foreclosing on Plaintiff's property. The Court cannot make "reasonable inferences" when the Complaint contains virtually no factual allegations. Plaintiff's allegations do not satisfy the liberal pleading standards of Rule 8 and are insufficient to state claim upon which relief may be granted. Moreover, discovery should not be used as a fishing expedition to determine if Plaintiff has a claim. See Id., at 577 (dismissing a complaint "it regards as a fishing expedition").[2]

## II. Wrongful Foreclosure

In addition to the fact pleading deficiencies, Defendant asserts that Plaintiff's claim for wrongful foreclosure fails to state a claim as a matter of law. Defendant argues that the evidence before the Court establishes that the foreclosure was proper and conducted in accordance with the statutory requirements for a non-judicial foreclosure. See Memorandum, p. 6 (citing MO.REV.STAT.

---

[2]Nevertheless, "while a plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit, we must also take account of their limited access to crucial information." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 598 (8th Cir. 2009). Courts should not dismiss complaints because plaintiffs are unable to plead facts "which tend systemically to be in the sole possession of defendants." Id. Plaintiff seems to argue that some "crucial facts" are within the sole custody and control of Defendant. See, e.g., Response, p. 5 (Plaintiff seeks to discover Defendant's records which should reflect that the parties were negotiating a loan modification). The Court, however, issued its Case Management Order (ECF No. 20) on December 14, 2011, which required that Fed.R.Civ.P 26(a)(1) disclosures be made no later than January 27, 2012. Plaintiff should be in the possession of all the documents she needs to plead her claim(s) adequately.

§§443.310-443.325). Defendant contends that the Successor's Trustee's Deed, referenced in Plaintiff's Complaint, demonstrates that Defendant complied with all statutory requirements set forth in sections 443.310-443.325, and rebuts the blanket allegations in Plaintiff's Complaint of noncompliance with the statutes. (Memorandum, p. 7).[1]

In response, Plaintiff asserts that the foreclosure was a result of negligence or mistake. (Response, p. 4). In essence, Plaintiff argues that she and Defendant were pursuing a loan modification, but that Defendant mistakenly foreclosed on the Subject Property. (Id., p. 5). Without providing any specifics, Plaintiff claims that her testimony and that of her significant other would support this theory. (Id., pp. 4-5). Similarly, Plaintiff states that Defendant's records, if discovered, would reflect this mistake. (Id., p. 5).

Plaintiff has not plead this theory that the foreclosure was a mistake in her Complaint. Instead, Plaintiff claims that she needs to "explain her understanding." (Response, p. 5). If this is Plaintiff's theory, then she needs to allege that theory in her complaint and support those allegations with greater factual details that comport with Fed.R.Civ.P. 8. As Plaintiff's Complaint stands, it does not state a claim upon which relief can be granted.

The Court, therefore, grants Plaintiff fourteen days to file an amended complaint that cures the defects cited herein.

## **CONCLUSION**

Accordingly,

---

[1] Plaintiff takes issue with Defendant utilizing the Successor Trustee's Deed as proof that the notice requirements have been met. See Response, p. 3. The Missouri foreclosure statute, however, allows the Court to take "the recitals in the trustee or mortgagee's deed ... as prima facie evidence in all courts of the truth thereof." MO.REV.STAT. §443.380.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 12), construed as a Motion for More Definite Statement, is **GRANTED**, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff is granted fourteen (14) days from the date of this Order to file an amended complaint.

Dated this 3rd day of February, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE