UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE OVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1957 JAR |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Amended Complaint

("Motion"; ECF No. 31).  This matter is fully briefed and ready for disposition.[1]

**BACKGROUND**

On or around July 12, 1999, Plaintiff purchased the property located at 1701 Chambers Road,

St. Louis, Missouri 63136 ("Subject Property"). (Amended Petition to Set Aside Foreclosure

(hereinafter, "Complaint" or "Compl."), ECF No. 29, ¶3).  On August 31, 2006, First Magnus

Financial Corporation ("First Magnus") loaned Plaintiff One Hundred Fifty-Nine Thousand One

Hundred and One Dollars ($159,101.00), and Plaintiff signed a promissory note ("Note"), whereby

she agreed to repay the loan.  See Compl,. ¶4; Promissory Note, Exhibit A to Complaint and ECF

No. 32-1; Deed of Trust, Exhibit B to Complaint and ECF No. 32-2.[2]

On April 22, 2010, Plaintiff filed a Chapter 13 bankruptcy proceeding in the United States

Bankruptcy Court for the Eastern District of Missouri.  See In re Joanne Lorraine Overton, No. 10-

44380.  Plaintiff did not remit the post-petition mortgage payments for the months of May 2010

---

[1]Defendant also filed a Motion to Strike Plaintiff's Response to Defendant's Reply in Support of Motion to Dismiss.  (ECF No. 36).  The Court grants Plaintiff leave to file her Response to Defendant's Reply in Support of Motion to Dismiss (ECF No. 35) and denies Defendant's Motion to Strike (ECF No. 36).

[2]The Note and Deed of Trust are attached to the Amended Petition to Set Aside Foreclosure as Exhibits A and B.  (ECF No. 29).  Wells Fargo states that the "blue ink" Note and Deed of Trust are in the possession of defense counsel and have been made available to Plaintiff's counsel.

through and including September 2010, which were required pursuant to her Chapter 13 Plan.  (ECF No. 32-3).  Wells Fargo moved for relief from the automatic stay. (ECF No. 32-3).  On September 8, 2010, Plaintiff admitted in her Response to Motion for Relief from Automatic Stay that Wells Fargo was the owner and holder of the Note and Deed of Trust.  (ECF No. 32-4).  On September 15, 2010, Plaintiff entered into a Consent Order and Stipulation in Settlement of Motion for Relief ("Consent Order"). (ECF No. 32-5).  In the Consent Order, Plaintiff agreed to cure her post-petition delinquencies and to remit future monthly post-petition payments.  (Id.).  Plaintiff failed to make the payments to Wells Fargo outlined in the Consent Order. On December 21, 2010, Wells Fargo filed its Notice of Default.  (ECF No. 32-6).  On January 21, 2011, Judge Surratt-States entered her Order Granting Motion for Relief from Automatic Stay, which granted Wells Fargo relief from the automatic stay and authorized Wells Fargo to foreclose on the Subject Property pursuant to its security interest outlined in the Deed of Trust.  (ECF 32-7). Wells Fargo acquired the Subject Property in a non-judicial foreclosure sale on April 6, 2011.  A Successor's Trustee's deed on the Subject Property was recorded on April 20, 2011 in St. Louis County. (ECF No. 32-8).

## STANDARD

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff.  Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)).  Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief.  Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008)(citation omitted).

## DISCUSSION

In her Complaint, Plaintiff alleges that Wells Fargo wrongfully foreclosed on the Subject Property.  A party asserting "'a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose.'"  Spence v. JPMorgan Chase Bank, N.A., No. 11-3185-CV-S-RED, 2011 U.S. Dist. LEXIS 114886, at *2 (W.D. Mo. Oct. 4, 2011)(quoting Fields v. Millsap and Singer, P.C., 295 S.W.3d 567, 571 (Mo. Ct. App. 2009)).  "Under Missouri law, there can be no tort cause of action for wrongful foreclosure when there is a right to foreclose."  Spence, 2011 U.S. Dist. LEXIS 114886, at *3 (citation omitted).

In the Motion to Dismiss, Wells Fargo asserts that it was entitled to foreclose on the Subject Property because it was the holder of the Note and was not required to prove its status as holder of the Note during the non-judicial foreclosure. (Motion, ¶¶4-5).  Moreover, Wells Fargo contends that Plaintiff is collaterally estopped from challenging its interest in the Note and Deed of Trust because of the prior orders of the Bankruptcy Court.  (Id., ¶6).

I.      **Failure to State a Claim**

In opposition to the Motion to Dismiss, Plaintiff claims that Wells Fargo has not provided the necessary documentation to support its claim that it owned the "Mortgage Loan" prior to

foreclosure.   (Compl., ¶¶8-9, 13-15; Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint ("Response"), ECF No. 33, ¶¶5-6).[3]  Plaintiff argues that the assignment of the Deed of Trust is null and void because Wells Fargo was not the owner of the Mortgage Loan at the time of foreclosure.  (Compl., ¶¶11-12; Response, ¶¶2-4).  Plaintiff asserts that Washington Mutual Bank, F.A. ("Washington Mutual")--not Wells Fargo--was the proper owner of the Note and the Deed of Trust at the time of foreclosure. (Response, ¶¶4, 6, 9).   Thus, the issue before this Court is whether Wells Fargo had the right under Missouri law to foreclose on the Subject Property under the Note and Deed of Trust.

Missouri statute defines the ownership rights in the Note and Deed of Trust in this case. Missouri has adopted the Uniform Commercial Code ("UCC") by statute.  See §§400.1-101, *et seq*. Determination of whether a party has the right to enforce a negotiable instrument is governed by the UCC.  (Id.).  Section 400.3-301 defines a "person entitled to enforce" an instrument as "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 400.3-309 or 400.3-418(d)."  In turn, a "holder" is a "person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession."  Mo.Rev.Stat. §400.1-201(20).   If a negotiable instrument is endorsed in blank, then it is deemed to be bearer paper and may be negotiated by transfer of possession.  Mo.Rev.Stat. §§400.3-201(5); 400.3-205(b).[4]  In other words, a holder is entitled to

---

[3]"Generally, a mortgage loan consists of a promissory note and security instrument, usually a mortgage or a deed of trust, which secures payment on the note by giving the lender the ability to foreclose on the property." Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo. Ct. App. 2009); In re Box, No. 10-20086, 2010 Bankr. LEXIS 1637, at *5 (Bankr. W.D. Mo. June 3, 2010).
[4]Under section 400.3-205(b), "[i]f an endorsement is made by the holder of an instrument and it is not a special endorsement, it is a 'blank' endorsement. When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed."

enforce bearer paper by the mere possession of the document.  See Knigge v. SunTrust Mortg., Inc., No. 11-41705-jwv13, 2012 Bankr. LEXIS 1895, *12 (Bankr. W.D. Mo. Apr. 30, 2012)("If a negotiable instrument has been endorsed in blank, as the Note in this case has been, the instrument becomes payable to 'bearer' and may be negotiated by transfer of possession alone."); Washington v. Deutsche Bank Nat'l Trust Co., No. 11-41288, 2011 Bankr. LEXIS 4705, at *16 (Bankr. W.D. Mo. 2011).

The Court finds that Wells Fargo was entitled to enforce the Note and Deed of Trust as either the holder of the Note or as the nonholder in possession of the Note.[1]  First, the Court notes that Plaintiff has not alleged any facts to contravene Defendant's rights as the Note holder.  To the contrary, during her bankruptcy proceeding, Plaintiff admitted that Wells Fargo was the holder of the Note.  See ECF No. 32-4, Response to Motion for Relief from the Automatic Stay, ¶5.  Likewise, Plaintiff does not dispute that Wells Fargo was (and is) the holder of the Note at the time of foreclosure.  Instead, her only challenge is to Wells Fargo's right to enforce the Note.  Plaintiff does not deny that she defaulted on the Note or provide any other defense to the foreclosure.

The evidence before the Court demonstrates that Wells Fargo properly negotiated the Note as bearer paper.  The Note constitutes a negotiable instrument because it bears the signature of Plaintiff and contains Plaintiff's promise to pay $159,101.00, plus interest.  (ECF No. 32-1); Mo.

---

[1]Although not disputed, the Court notes that any transfer of the Note also gave the transferee power to enforce the Deed of Trust.  "When the holder of the promissory note assigns or transfers the note, the deed of trust is also transferred."  Bellistri, 284 S.W.3d at 623 (citing George v. Surkamp, 336 Mo. 1, 76 S.W.2d 368, 371 (Mo. 1934)); see also Mo.Rev.Stat. §400.9-203 (transfer of an obligation secured by a security interest also transfers the security interest); Carpenter v. Longan, 83 U.S. 271, 275 (1873)("The transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter.").  "Effectively, the note and the deed of trust are inseparable, and when the promissory note is transferred, it vests in the transferee 'all the interest, rights, powers and security conferred by the deed of trust upon the beneficiary therein and the payee in the notes.'"  Bellistri, 284 S.W.3d at 623 (quoting St. Louis Mut. Life Ins. Co. v. Walter, 329 Mo. 715, 46 S.W.2d 166, 170 (Mo. 1931)); In re Box, 2010 Bankr. LEXIS 1637, at *6. ("if the note is properly assigned, the deed of trust automatically goes with it, and the note is not split from the deed of trust").

Rev. Stat. § 400.3-104; Knigge, 2012 Bankr. LEXIS 1895, at *16 ("the Court finds that the Note, validly endorsed in blank, is a negotiable instrument"). The Note is made payable to First Magnus and its successors and assigns. (Id.). The Note contains no promises, other than the promise to pay $159,101.00. (Id.); see Mo. Rev. Stat. §400.3-104 (stating the requirements for a "negotiable instrument").[6] The Note bears the endorsement from First Magnus to Wells Fargo. (ECF No. 32-1, p. 3). Thereafter, Wells Fargo endorsed the Note in blank, making the Note "bearer" paper and, by operation of law, the Note and the Deed of Trust became enforceable by the party in possession of the Note. (Id.). The Court holds that Plaintiff had a right to enforce the Note as a holder of the instrument. See Mo.Rev.Stat. §§400.3-201(5); 400.3-205(b); 400.3-301.

The Court also notes that Wells Fargo would have the right to enforce the Note as a nonholder in possession of the instrument. That is, Wells Fargo could have enforced the Note, even if it were in wrongful possession of the Note or not the "owner" of the Note, as Plaintiff claims. See Mo.Rev.Stat. §400.3-301 ("A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."). Under Section 3-301, persons entitled to enforce an instrument are not limited to "holders." Rather, a nonholder in possession of an instrument also can enforce the instrument. The official comments to Section 3-301 of the UCC recognizes that a nonholder in possession of an instrument includes "a person that acquired rights of a holder by subrogation or under section 3-203(a)." A nonholder "also includes any other person who under applicable law is a successor to the holder or otherwise acquires the holder's rights." Thus, assuming that the transfer to Wells Fargo was somehow defective, Wells Fargo would still qualify as a nonholder in possession and would be entitled to enforce the Note through the Deed of Trust.

---

[6]Mo. Rev. Stat. §400-003.104 provides that a "negotiable instrument" is "an unconditional promise or order to pay a fixed amount of money" and an "instrument" is a "note" if it is a promise.

Moreover, under a non-judicial foreclosure such as this, Wells Fargo was not required to produce the evidence of its right to enforce the Note prior to foreclosing on the Subject Property. See Mo. §443.310 (requirements for a non-judicial foreclosure sale); Hobson v. Wells Fargo Home Mortg., No. 2:11CV00010, 2011 U.S. Dist. LEXIS 94799, at *5 (E.D. Mo. Aug. 24, 2011)(citing Mildfelt v. Cir. Ct. of Jackson Cnty., Mo., 827 F.2d 343, 346 (8th Cir. 1987)("non-judicial foreclosure is a contractual right established by a power of sale clause in a deed of trust"). Plaintiff does not cite to any case to impose such a requirement in the non-judicial foreclosure context. Based upon Wells Fargo's status as a holder of bearer paper or nonholder of an enforceable instrument, it was entitled to enforce the Note, and Wells Fargo had a right to foreclose on the property. Spence, 2011 U.S. Dist. LEXIS 114886, at *3.[7]

Finally, even if documentation of ownership of the Note were required, evidence of Wells Fargo's ability to enforce the Note is established by the documents attached to Plaintiff's Amended Complaint. Plaintiff provided the letter transferring possession of the Note from Washington Mutual, as successor in interest to First Magnus, to Wells Fargo. See ECF No. 29-1, Exhibit C. Thus, as of September 14, 2006, the Note was transferred from Washington Mutual to Wells Fargo's possession. Id. ("we [Washington Mutual] hereby deliver to you, with this letter, an original promissory note (a "Mortgage Note") ... to facilitate your purchase of such Mortgage Loan."). By operation of statute, the transfer of the instrument afforded Wells Fargo the right to enforce the Note.

---

[7]Plaintiff argues that the endorsement from First Magnus to Wells Fargo is not date stamped and, therefore, more discovery is necessary to determine whether the transfer is enforceable. Plaintiff does not provide any law to support her claim that an endorsement must be date stamped to be effective. Because Missouri statute does not impose this requirement, the Court holds that the lack of a date on the assignment does not preclude its enforcement. See Mo. Rev. Stat. §400.3-205(c)("The holder may convert a blank endorsement that consists only of a signature into a special endorsement by writing, above the signature of the endorser, words identifying the person to whom the instrument is made payable.").

<u>See</u> Mo.Rev.Stat. §400.3-203(b).[1]  Based upon the exhibits attached to Plaintiff's Complaint, Wells Fargo was entitled to enforce the Note.  <u>Id.</u>

In summary, the Court grants Wells Fargo's Motion to Dismiss.  Assuming all facts in Plaintiff's favor, she cannot establish that she is entitled to relief under the Complaint.  Wells Fargo was either a holder entitled to enforce the Note or a nonholder in possession of the Note who had the rights of a holder.  <u>See</u> Mo.Rev.Stat. §400.3-301.  Accordingly, the Court finds that Wells Fargo had authority to enforce the Note and foreclose on the Subject Property as a matter of law. Plaintiff's Complaint for wrongful foreclosure is dismissed.

## II.     Collateral Estoppel

In addition to the fact pleading deficiencies, Wells Fargo asserts that Plaintiff's claims are barred by collateral estoppel. Offensive collateral estoppel, or issue preclusion, "'is an attempt by a plaintiff to rely on a prior adjudication of an issue to prevent the defendant from challenging a fact necessary to the plaintiff's case and on which the plaintiff carries the burden of proof.'" <u>Heartland Acad. Cmty. Church v. Waddle</u>, 595 F.3d 798, 811 (8th Cir. 2010)(quoting <u>Allstate Ins. Co. v. Blount</u>, 491 F.3d 903, 912 n.9 (8th Cir. 2007) (internal citation omitted)); <u>James v. Paul</u>, 49 S.W.3d 678, 685 (Mo. 2001).  "A district court has 'broad discretion' in deciding whether to apply the offensive collateral estoppel doctrine." <u>Heartland Acad. Cmty. Church v. Waddle</u>, 595 F.3d 798, 811 (citing <u>White Earth Band of Chippewa Indians v. Alexander</u>, 683 F.2d 1129, 1134 (8th Cir. 1982); <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 331, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979)). Under Missouri law, courts consider three factors in determining whether to apply the collateral estoppel doctrine: "(1) whether the issue decided in the prior adjudication was identical to the issue presented

---

[1]Mo.Rev.Stat. §400.3-203(b) provides that "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument."

in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication." Liberty Mut. Ins. Co. v. FAG Bearings Corp., 335 F.3d 752, 758 (8th Cir. 2003) (King Gen. Contractors v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495, 500 (Mo. 1991)).

Contrary to Plaintiff's position in this action, she admitted in her bankruptcy proceeding that Wells Fargo was the owner and holder of the Note and Deed of Trust. (ECF No. 32-4). As the bankruptcy case involved the same parties and the same mortgage loan, Wells Fargo contends that Plaintiff is barred from asserting that Wells Fargo is not the owner of the Note. (Memorandum in Support of Motion to Dismiss ("Memorandum"), ECF No. 32, p. 10).

In response, Plaintiff argues that her bankruptcy counsel's admission prior to any review of the documents in this case can not estop her from challenging Wells Fargo's ownership interest here. (Response, ¶8). Plaintiff advances that Wells Fargo did not offer any documents to prove its ownership interest in the bankruptcy case and it was not until she received the documents in this case that she learned that Wells Fargo was not the proper owner of her Note and Deed of Trust. (Id., ¶10). The Court finds that Plaintiff's claim also is barred by the collateral estoppel doctrine. Under Missouri law, for a party to invoke "offensive collateral estoppel" requires that "no party can be bound by a judgment unless she was in privity with the parties to that judgment." Green v. Fred Weber, Inc., 254 S.W.3d 874, 884 (Mo. 2008)(citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329-37, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979); James v. Paul, 49 S.W.3d 678, 685 n.5 (Mo. banc 2001)). Here, "an issue of ultimate fact has been determined by a valid judgment, it may not again be litigated between the same parties." King Gen. Contractors, 821 S.W.2d at 500.

First, mutuality among all the parties exists; Plaintiff and Wells Fargo were both parties to the bankruptcy proceeding. Likewise, the bankruptcy court's order granting Wells Fargo relief from

the stay and authorizing it to initiate foreclosure proceedings constitutes a judgment on the merits. See AgriBank FCB v. Cross Timbers Ranch, 919 S.W.2d 263, 270 (Mo. Ct. App. 1996)(" the rules of res judicata and collateral estoppel apply to decisions of the bankruptcy courts" (citing United States v. Schnick, 66 Bankr. 491, 494 (W.D. Mo. 1986)); Washington, 2011 Bankr. LEXIS 4705, at *12-13 (holding that the bankruptcy court's first and second stay relief orders were entitled to res judicata and collateral estoppel effect because they were entered by a court of competent jurisdiction and both are final judgments on the merits).

Finally, Wells Fargo's Motion for Relief from the Stay and Plaintiff's Amended Complaint raised the same ultimate issue: whether Wells Fargo can enforce the Note and the Deed of Trust. Pursuant to 11 U.S.C. §362(d), the court can grant a relief from a stay if the creditor establishes that it is a party in interest to the estate, and either that the creditor does not have adequate protection of its interest in the property or the debtor does not have an equity in such property.  If Wells Fargo did not have a valid and enforceable lien on the property, then the bankruptcy court would not have lifted the stay on its behalf.  Cf.  In re Box, 2010 Bankr. LEXIS 1637, at *17 (holding that because BAC failed to demonstrate that the loan was properly assigned to it, it lacked standing to seek relief from the stay); In re Tucker, 441 B.R. 638, 646-647 (Bankr. W.D. Mo. 2010)(holding that the creditor had standing to bring a motion for relief from the stay where it had established that it was the holder of the Note, and thus entitled to enforce both the Note and Deed of Trust).  Because the bankruptcy court permitted Wells Fargo to obtain relief from the stay, the bankruptcy court necessarily held that Wells Fargo was the holder of the Note and had standing to enforce it. Therefore, the Court finds that the issue presented in both this action and Wells Fargo's Motion for Relief from the Stay are identical and the bankruptcy court's order can provide the basis for issue preclusion.  The Court holds that Plaintiff is estopped from asserting that Wells Fargo did not have an interest in the Note on the date of foreclosure and her claim fails on this basis as well.

- 10 -

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file her Response to Defendant's Reply in Support of Motion to Dismiss (ECF No. 35).

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that the Joint Motion to Stay Discovery and Amend the Case Management Order (ECF No. 38) is **DENIED** as moot.

An appropriate order of dismissal is filed simultaneously herewith.

Dated this 19th day of June, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE